IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FOSTER W. GULLEY,
and CHARLOTTE A.B. GULLEY,
    Plaintiffs,

vs.                                                 Case No: 3:06cv337/LAC/EMT

ESCAMBIA COUNTY, et al.,
    Defendants.
_____/

**ORDER, REPORT AND RECOMMENDATION**

        Plaintiffs, proceeding pro se, have filed a civil rights complaint under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 (Doc. 1). Each Plaintiff has also filed a motion to proceed in forma pauperis (Docs. 5, 6). Upon review of the complaint, the court concludes that Plaintiffs have failed to state a claim for relief against four Defendants, and the remaining Defendant is immune from suit, therefore, dismissal of the complaint is warranted. For the limited purpose of dismissal of this action, leave to proceed in forma pauperis will be granted.

        Plaintiffs name five Defendants in this action: Escambia County; Attorney Fred Gant; Mr. Gant's law firm, Albritton and Gant Law Offices; Judge Edward P. Nickinson; and Luz Garcia Connor (Doc. 1 at 1, 2). Plaintiffs claim that Defendants violated their constitutional rights to due process and equal protection, and conspired to do so, during a child custody proceeding in August of 2002, in which Plaintiff Foster Gulley sought custody of his daughter, Plaintiff Charlotte Gulley, who was 17 years old and residing with her mother, Defendant Connor, at the time (Doc. 1 at 3(a), 3(b), 3(c), 3(e), 4).[1] Plaintiffs allege that Defendant Connor and her attorney, Defendant Gant,

---

[1] Plaintiffs identify Defendant Luz Garcia Connor as the Respondent in the child custody proceeding (Doc. 1 at 2). In the body of the complaint, Plaintiffs refer to Plaintiff Foster Gulley as the "Petitioner," Plaintiff Charlotte Gulley as the "child," and Defendant Connor as the "mother" and "Respondent."

submitted false evidence and perjured testimony to the court during the custody proceeding (*id.* at 3(a), 3(b)). Plaintiffs allege that Judge Nickinson, who presided over the custody proceeding, attempted to weaken Plaintiff Foster Gulley's case by relieving two witnesses of their duty to appear and by allowing Plaintiff Charlotte Gulley to testify in camera without the presence of the parties, attorneys, or a court reporter (*id.* at 3(b)). Additionally, Plaintiffs allege that Judge Nickinson conspired with Defendants Connor and Gant to suppress facts favorable to Plaintiff Foster Gulley by failing to include those facts in the court order denying Foster Gulley's petition for custody (*id.* at 3(b)). Plaintiffs also allege that Defendants attempted to defame and discriminate against Plaintiff Foster Gulley by raising the issue of his mental state, even though his mental state was not material to the issue of whether he should be designated the custodial parent (*id.* at 3(c), 3(e)). Plaintiffs allege that Defendants Connor, Gant, and Nickinson conspired to discriminate against Plaintiff Foster Gulley based upon his race, gender, mental disability, and indigency (*id.* at 3(a), 3(b), 3(c), 3(e), 4).

Plaintiffs allege that as a result of Defendants' conduct, Plaintiff Foster Gulley's petition for custody was denied, and Plaintiff Charlotte Gulley was maintained in the custody of her mother (*id.* at 3(d)). The mother and child subsequently got into an argument, and the mother "put the child out" after the child called her father to pick her up (*id.*). Plaintiffs allege that this proves that Foster Gulley's petition for custody should have been granted (*id.*).

Plaintiffs claim that Defendants Connor, Gant, and Nickinson are liable under sections 1983 and 1985 for depriving them of due process and equal protection, conspiring to deprive them of due process and equal protection, conspiring to commit "tortious interference with custody," and conspiring to intentionally inflict emotional distress (*id.* at 4). Plaintiffs claim that Escambia County is liable for the actions of Judge Nickinson because he is the County's "appointed actor and representer" (*id.* at 3(d)). As relief, Plaintiffs seek monetary damages in the total amount of $100,000,000.00 (*id.*)

Since Plaintiffs are proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Sys., Inc., 119 F.3d 922, 923 (11th Cir. 1997).

In order to prevail in a section 1983 action, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). In order for a private party to be considered a state actor one of three conditions must be met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state ("public function test"); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test"). Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotation marks and citation omitted).

In the instant case, there is no question that Defendant Connor, the mother of Charlotte Gulley, was acting as a private party in the custody proceeding. Additionally, Defendant Gant was acting as attorney for Defendant Connor, a private party, when he filed motions, presented evidence, and otherwise appeared on behalf of his client. None of the three conditions required to hold private parties liable as state actors is met, and Ms. Connor, Attorney Gant, and his law firm are not state

actors. Therefore, Plaintiffs have failed to state a claim under section 1983 as to Defendants Connor, Gant, and Mr. Gant's law firm.

Plaintiffs' conspiracy claims against Defendants Connor, Gant, and the law firm should also be dismissed. Section 1985 of Title 42 of the United States Code provides a remedy based upon a conspiracy to deprive an individual of equal protection or equal privileges and immunities under the law. Under section 1985, Plaintiffs must establish (a) the existence of a conspiracy; (b) that Defendants intended to deny Plaintiffs of their equal protection of laws, or equal privileges and immunities under the laws; (c) injury or deprivation of a federally-protected right; (d) an overt act in furtherance of the object of the conspiracy; and (e) some racial or otherwise class-based invidiously discriminatory animus behind the conspirator's action. *See* Arnold v. Board of Education of Escambia County, Alabama, 880 F.2d 305, 317-318 (11th Cir. 1989), *overruled on other grounds by* Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993); Sims v. Jefferson Downs, Inc., 611 F.2d 609 (5th Cir. 1980). A complaint containing conclusory, vague, and general allegations of conspiracy will be dismissed as insufficient. Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990); Arnold, 880 F.2d at 309 n.2; Kearson v. Southern Bell Telephone & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985), *cert. denied*, 474 U.S. 1065 (1986). The complaint must demonstrate that the conspiratorial acts intruded upon Plaintiffs' federal rights, and it must show that Defendants reached an agreement or understanding to commit the acts. Bendiburg, 909 F.2d at 468; *see also* Harvey v. Harvey, 949 F.2d 1127 (11th Cir. 1992); Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988); Fullman v. Graddick, 739 F.2d 553, 556-7 (11th Cir. 1984).

In the instant case, Plaintiffs' allegations of conspiracy are conclusory and vague. Additionally, Plaintiffs do not allege that Defendants' conduct was motivated by racial or otherwise class-based invidiously discriminatory animus. Therefore, Plaintiffs' claims under section 1985 against Defendants Connor, Gant, and Mr. Gant's law firm should be dismissed.

Additionally, Plaintiffs seek monetary relief against a defendant who is immune from such relief, namely, Judge Nickinson. Judges acting in their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")

(citing Mitchell v. Forsyth, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 2815-16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); *see also* Sun v. Forrester, 939 F.2d 924, 925-26 (11th Cir. 1991). This immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed. 2d 331 (1978); Mireles, 502 U.S. at 11; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988).

Whether an act by a judge is a 'judicial' one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citing Stump, 435 U.S. at 362); *see also* Simmons v. Conger, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Mireles, 502 U.S. at 13 (citing Stump, 435 U.S. at 362). In other words, the court must look to the particular act's relation to a general function normally performed by a judge.

A judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. Stump, 435 U.S. at 355-357; *see also* Mireles, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. Simmons, 86 F.3d at 1084-85 (citing Stump, 435 U.S. at 356-57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. Dykes, 776 F.2d at 946-47 (citations omitted). Furthermore, for the purposes of immunity, a judge's jurisdiction is construed broadly. Stump, 435 U.S. at 357. Thus, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside

the judge's subject matter jurisdiction). The proper inquiry for determining judicial immunity is not whether the judge actually had jurisdiction, or even whether the judge exceeded his jurisdictional authority, but whether the challenged actions were obviously taken outside the scope of the judge's power. Stump, 435 U.S. at 357 (quotation omitted).

Turning to the instant case, the conduct of which Plaintiffs complain, specifically, Judge Nickinson's determination of matters involving whether witnesses were required to appear and the manner in which testimony was provided, as well as Judge Nickinson's entry of an order disposing of Plaintiff Foster Gulley's petition for modification of custody, are quintessential judicial functions. Furthermore, as Plaintiff Foster Gulley was a party in the case over which Judge Nickinson presided, and Plaintiff Charlotte Gulley was the child whose custody was at issue and testified in the case, Plaintiffs were dealing with Judge Nickinson in his judicial capacity. Moreover, Plaintiffs do not allege, nor do the facts suggest, that Judge Nickinson acted in the complete absence of jurisdiction to hear the child custody matter. Therefore, judicial immunity shields Judge Nickinson from suit.

Finally, Plaintiffs cannot state a basis for liability as to Escambia County. Municipal liability under section 1983 exists only when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also* Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003) (stating that "municipalities may be held liable for the execution of a governmental policy or custom"); Davis v. DeKalb County School Dist., 233 F.3d 1367, 1375 (11th Cir. 2000) ("[R]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality' that is, acts which the municipality has officially sanctioned or ordered.") (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 478, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986)).

In the instant case, Plaintiffs cannot show that Judge Nickinson's presiding over the custody proceeding and issuing an order and judgment in that case implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Escambia County Commissioners. Therefore, Plaintiffs claims against Escambia County should be dismissed.

Accordingly, it is **ORDERED**:

Plaintiffs' motions to proceed in forma pauperis (Docs. 5, 6) are **GRANTED** for the limited purpose of dismissal of this action.

And it is respectfully **RECOMMENDED**:

That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief may be granted and for seeking monetary relief against a Defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii, iii).

At Pensacola, Florida this 13th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).